**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CAROL DAVIS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 21-656** |
| | * | |
| **ALL RISKS SPECIALTY, LLC** | | **SECTION L (2)** |
| **F/K/A ALL RISKS, LTD.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>ORDER & REASONS</u>

Before the Court is Defendant's Motion for Summary Judgment, R. Doc. 5. Plaintiff filed an opposition, R. Doc. 14, and Defendant filed a reply, R. Doc. 25. Having considered the briefing and the applicable law, the Court now rules as follows.

## I.       BACKGROUND

Plaintiff Carol Davis ("Plaintiff") sued her former employer, All Risks Specialty, LLC ("Defendant"), alleging wrongful termination, retaliation, and harassment in violation of the Age Discrimination in Employment Act ("ADEA"). R. Doc. 1-1 at 15-16. Plaintiff, who is 60 years old, alleges that, beginning in 2016, she experienced age-based harassment in the workplace, including being denied the assistance of a mentee, being left out of office functions, and being subjected to comments that her work was "old-fashioned" and that she needed to "get into the 21st century." R. Doc. 1-1 at 13-14. Plaintiff further alleges that she was terminated on October 30, 2019 and that her supervisor said "All Risks is focusing on the younger [employees] going forward." R. Doc. 1-1 at 14. Plaintiff alleges that she protested her termination as age-based discrimination, to no avail, and was abruptly told she needed to leave on November 15, 2019 despite having been told that she could stay through December of 2019. *Id.* Plaintiff avers that

1

she refused to sign a severance agreement that would have released any age discrimination

claims and that her sudden dismissal, which deprived her of pay for the rest of 2019, was

retaliation for her protests against her termination. *Id.*; R. Doc. 14 at 3. Plaintiff filed a charge of

discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 5,

2020. R. Doc. 20 at 4.

Plaintiff alleges that Defendant violated the ADEA's discrimination and retaliation

provisions, 29 U.S.C. § 623(a) and (d).[1] R. Doc. 1-1 at 14. Plaintiff seeks to recover for damages

including emotional distress, past and future lost wages, past and future medical expenses,

benefits, earning capacity, and physical injuries, and seeks attorney's fees and costs. R. Doc. 1-1

at 15. Plaintiff originally filed suit in the Civil District Court for the Parish of Orleans, but

Defendant removed the case to this Court based on federal question jurisdiction on March 31,

2021. R. Doc. 1. Defendant then filed an answer denying all of Plaintiff's allegations and

asserting affirmative defenses including that (1) Plaintiff failed to make a prima facie case under

the ADEA, (2) any actions by Defendant were for non-discriminatory reasons, (3) Plaintiff failed

to exhaust administrative remedies and to provide adequate notice of her claims, and (4)

Plaintiff's claims are barred by statutes of limitations. R. Doc. 22.

## II.    PENDING MOTION

### a.  *Defendant's Motion for Summary Judgment*

Defendant moved for partial summary judgment, arguing that Plaintiff's harassment

claim should be dismissed because Plaintiff failed to mention the alleged harassment in her

---

[1] Plaintiff initially alleged that Defendant also violated the Louisiana Employment Discrimination Law, La. R.S. § 23:301 *et seq.*, but dropped her claims under Louisiana law by admitting in her Second Amended Complaint that Defendant did not have at least 20 employees in Louisiana and thus was not an employer under the statute. R. Doc. 20 at 2.

charge of discrimination to the EEOC and thus failed to exhaust administrative remedies for that claim.[2] R. Doc. 5 at 1-2.

In opposition, Plaintiff argues that she did raise the harassment claim in her charge to the EEOC and thus exhausted administrative remedies. R. Doc. 14 at 1. Plaintiff alleges that her cover letter to the EEOC explicitly mentioned "harassment" and that the intake questionnaire she gave the EEOC described actions that constitute harassment. *Id.* at 4-5.

## III.   APPLICABLE LAW

### a.   *Summary Judgment Under Rule 56*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 322. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden

---

[2] Defendant also moved for summary judgment on Plaintiff's claims under the Louisiana Employment Discrimination Law, but Plaintiff's admission that this law did not apply in her Second Amended Complaint rendered this issue moot. R. Doc. 20 at 2. Defendant does not seek summary judgment on Plaintiff's claim for wrongful termination under the ADEA. R. Doc. 5 at 1.

of proof at trial." *Id.* The court must find "[a] factual dispute [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party [and a] fact [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Moreover, the court must assess the evidence and "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). But "unsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Anderson*, 477 U.S. at 249–50).

## IV.    DISCUSSION

Defendant's Motion for Summary Judgment is premature. There has been little discovery in this case and the parties still need to develop their evidence and arguments on whether Plaintiff sufficiently alleged harassment in her charge to the EEOC. Defendant alleges that Plaintiff did not mention harassment in her charge of discrimination, while Plaintiff alleges that she mentioned harassment in her cover letter and implicitly described harassment in the charge of discrimination. Therefore, there remains a genuine dispute as to whether Plaintiff claimed harassment in her charge to the EEOC and thus exhausted administrative remedies for this claim.

## V.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, R. Doc. 5, is **DENIED AS PREMATURE**.

New Orleans, Louisiana, this 3rd day of August, 2021.

UNITED STATES DISTRICT JUDGE